IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

```
JULIO SANTIAGO,                    )    Cause No. CV 05-45-H-CSO
                                   )
          Plaintiff,               )
                                   )
     vs.                           )    ORDER GRANTING FORMA PAUPERIS
                                   )    STATUS AND PERMITTING PLAINTIFF
WILLIAM SLAUGHTER; MIKE            )    TO AMEND COMPLAINT
MAHONEY; SERGEANT ERICKSON;        )
MAJOR WOOD; OFFICER DIRKSEN;       )
and OFFICER VALENTINE,             )
                                   )
          Defendants.              )
_____)
```

On September 16, 2005, Plaintiff Julio Santiago applied to proceed in forma pauperis with this action under 42 U.S.C. § 1983. Santiago is a state prisoner proceeding pro se.

**I. Forma Pauperis Application**

Santiago submitted an inmate account statement covering the period from January 1, 2005, to September 13, 2005. After reviewing the Application and account statement, I find that he has sufficiently shown that he cannot afford to pay the full filing fee all at once. The Application to Proceed In Forma Pauperis will be granted.

Notwithstanding his forma pauperis status, Santiago is required to pay the statutory filing fee of $250.00 for this action, even if the case is dismissed. See 28 U.S.C. §

ORDER GRANTING FORMA PAUPERIS STATUS
AND PERMITTING PLAINTIFF TO AMEND COMPLAINT / PAGE 1

1915(b)(1), (e)(2). Because he submitted an account statement ending on September 13, 2005, the Court does not know the current balance of his account. Therefore, the initial partial filing fee will be waived. However, Santiago must make monthly payments of 20% of the income credited to his account each month. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the custodial agency to forward payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. See id.

**II. Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion

to grant or deny leave to amend.  Lopez, 203 F.3d at 1127.  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).  Additionally, the courts must liberally construe pro se pleadings.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

**III. Santiago's Allegations**

Santiago contends that Defendant Sergeant Erickson approached him in his cell in segregation and asked why he was there.  Erickson told Santiago to come up to the bars of the cell and place his face on the glass.  Erickson then punched the glass with his fist.  The glass broke.  Erickson then pulled Santiago's face into the broken glass.  Santiago received severe facial lacerations.  He also avers that he has suffered mental and emotional distress as a result of feeling physically threatened on a daily basis by Erickson and his friends.  See Compl. (Court's doc. 2) at 2-3.

Santiago asserts claims for excessive use of force, in violation of the Eighth Amendment's prohibition on cruel and

unusual punishment, as well as state claims for "assault and battery and culpable negligence."  Id. at 1.  For his relief, he seeks declaratory judgment, an injunction to remove a disciplinary conviction connected with the incident, compensatory and punitive damages against Defendants Mahoney, Woods, and Erickson, and other relief to which he may be entitled.  Id. at 3-4.

**IV. Analysis**

Santiago's Complaint states a claim against Sergeant Erickson sufficient to warrant serving the Complaint and requiring a response from Erickson.  However, against the other Defendants, the Complaint, as it currently stands, fails to state a claim.  Santiago may be able to cure the defects by alleging additional facts.  He will be given an opportunity to file an Amended Complaint on the form attached to this Order.  If he chooses to amend, he should keep in mind the following guidance.

A plaintiff does not state a claim against an individual defendant unless the plaintiff sets forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of his rights.  See, e.g., Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978); Stevenson v. Koskey, 877 F.2d 1435, 1438-39 (9th Cir. 1989).  Thus, as to each Defendant he wishes to hold responsible, Santiago must allege specific facts showing what that person did or did not do, when and where, and how each

defendant's action or inaction caused or contributed to causing a violation of his civil rights.

The mere existence of an employment or supervisory relationship is not enough to make a supervisor, a warden, or a highly placed official liable for civil rights violations committed by others; there is no respondeat superior[1] liability under 42 U.S.C. § 1983.  Monell v. New York Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996) (individuals in supervisory roles).  Liability for a supervisor or other official can exist only if the supervisor or official is liable as an individual, under the conditions set forth in the previous paragraph.

Here, for instance, there are no factual allegations against Defendants Slaughter, Mahoney, or Wood.  It appears that Santiago names them because they hired, employed, and/or supervised Defendant Erickson, but even if they did, that fact is not enough to make Slaughter, Mahoney, or Wood liable for Erickson's actions.  If there is some other basis on which Santiago believes Slaughter, Mahoney, or Wood may be liable, he must tell the Court what it is.  Otherwise, the Court will recommend dismissal of

---

[1] The phrase means "let the superior make answer" or "look to the person higher up."  See Black's Law Dict. 1313 (7th ed. 1999).

Slaughter, Mahoney, and Wood.

Similarly, it is not clear what Defendants Dirksen or Valentine did (or failed to do) in violation of Santiago's civil rights. Santiago does not mention them in his Complaint at all, though his exhibits suggest that they laughed at what Erickson did. If Santiago wishes to sue Dirksen and Valentine, he must clearly state in his Amended Complaint what they did to violate his civil rights.

Based on the foregoing, the Court enters the following:

**ORDER**

1. The Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Court's doc. 1) is GRANTED. The Clerk of Court shall waive prepayment of the filing fee.

2. On or before **January 31, 2006,** Santiago may file an Amended Complaint on the form attached to this Order. Santiago must use the form if he intends to submit an Amended Complaint. The Amended Complaint should be legibly written or typed in its entirety, it must be an original and not a copy, and it may not incorporate any part of the original Complaint or Memorandum by reference. Each allegation in the Amended Complaint shall be simple, concise, and direct. **If Santiago files an Amended Complaint, he must include his claim against Defendant Erickson in the Amended Complaint.** If Santiago does not file an Amended

Complaint, the Court will recommend that all Defendants except Sergeant Erickson be dismissed from the case and will order a response from Defendant Erickson alone.

3. <u>Santiago must immediately inform the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of this case without notice to Santiago.

DATED this 5th day of January, 2006.

**/S/ Carolyn S. Ostby**
Carolyn S. Ostby
United States Magistrate Judge