IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| JULIO SANTIAGO, | ) | Cause No. CV 05-45-H-DWM-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| WILLIAM SLAUGHTER; MIKE | ) | |
| MAHONEY; SERGEANT ERICKSON; | ) | |
| OFFICER DIRKSEN; and OFFICER | ) | |
| VALENTINE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On September 16, 2005, Plaintiff Julio Santiago applied to proceed in forma pauperis with this action under 42 U.S.C. § 1983. Santiago is a state prisoner proceeding pro se.

On April 12, 2006, Santiago filed an Amended Complaint.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez, 203 F.3d at 1127.  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).  Additionally, the courts must liberally construe pro se pleadings.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Santiago's Allegations

Santiago contends that Defendant Sergeant Erickson approached him in his cell in segregation and asked why he was there.  Erickson told Santiago to come up to the bars of the cell and place his face on the glass.  Erickson then punched the glass with his fist.  The glass broke.  Erickson then pulled Santiago's

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

face into the broken glass.  Santiago received severe facial lacerations and continues to suffer physical, mental, and emotional distress as a result of Erickson's actions.  <u>See</u> Am. Compl. (Court's doc. 4) at 4, ¶ IV.A(1); <u>id.</u> at 5–6, ¶ V.

Santiago alleges that Defendants Mahoney and Slaughter are liable for Erickson's actions because they are the Warden of Montana State Prison and the Director of the Department of Corrections, respectively, and so are responsible for the conduct of their officers and employees.  <u>Id.</u> at 5, ¶ IV.A(2).  Santiago contends that Defendants Valentine and Dirksen were "accomplices" in Erickson's actions.  <u>Id.</u>

For his relief, Santiago seeks compensatory and punitive damages as well as attorney fees and such other relief as the Court may deem appropriate.  <u>Id.</u> at 6–7, ¶ VI.  He seeks relief against Security Major Tom Woods, who is not named as a party in either the caption or the "Parties" section of the Amended Complaint.  <u>See</u> Am. Compl. at 1, 3–4, ¶ III.B.  He does not seek relief against Defendants Slaughter, Dirksen, or Valentine.

**IV. Analysis**

Santiago's Amended Complaint states a claim against Sergeant Erickson sufficient to warrant serving the Complaint and requiring a response from Erickson.  Service on Erickson will be directed by a separate Order.  However, against the other Defendants, the Amended Complaint fails to state a claim.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

Santiago has already been given an opportunity to amend.  For the following reasons, Defendants Slaughter, Mahoney, Woods, Dirksen, and Valentine should be dismissed without prejudice.

A plaintiff does not state a claim against an individual defendant unless the plaintiff sets forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of his rights.  See, e.g., Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978); Stevenson v. Koskey, 877 F.2d 1435, 1438-39 (9th Cir. 1989).  Thus, as to each defendant he wishes to hold responsible, a plaintiff must allege specific facts showing what that person did or did not do, when and where, and how each defendant's action or inaction caused or contributed to causing a violation of his civil rights.

The mere existence of an employment or supervisory relationship is not enough to make a supervisor, a warden, or a highly placed official liable for civil rights violations committed by others; in legal terms, there is no respondeat superior[1] liability under 42 U.S.C. § 1983.  Monell v. New York Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996) (individuals in

---

[1]  The phrase means "let the superior make answer" or "look to the person higher up."  See Black's Law Dict. 1313 (7th ed. 1999).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

supervisory roles).  Liability for a supervisor or other official can exist only if the supervisor or official is liable as an individual, under the conditions set forth in the previous paragraph.

Here, Santiago has made no factual allegations against Defendants Slaughter, Mahoney, or Wood.  Santiago names them solely because they hired, employed, and/or supervised Erickson. Even if they did, that fact is not enough to make them liable for Erickson's actions.  Santiago has not suggested that he knows of other facts that could make any of these defendants liable for Erickson's actions.  They should be dismissed.  Dismissal should be without prejudice, so that if Santiago discovers a factual basis to support their liability, he may seek to name them at a later date.

Similarly, Santiago does not say that Defendants Dirksen or Valentine did (or failed to do) anything in violation of Santiago's civil rights.  Other than claiming that they were "accomplices," Santiago does not mention them in his Complaint at all.  The exhibits to his original Complaint suggest that they laughed at what Erickson did, but that is not enough to make them liable for his actions.  Dirksen and Valentine should also be dismissed without prejudice.

Based on the foregoing, the Court enters the following:

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

**RECOMMENDATION**

Defendants Slaughter, Mahoney, Woods, Dirksen, and Valentine should be DISMISSED WITHOUT PREJUDICE on the grounds that Santiago fails to state a claim against them.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[2] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Santiago must immediately inform the Court of any change in his mailing address. Failure to do so may result in dismissal of this case without notice to Santiago.

DATED this 1st day of November, 2006.


/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

---

[2] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in Houston v. Lack, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6