FILED
MISSOULA, MT

2006 DEC 12 AM 11 32

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| JULIO SANTIAGO, | ) | CV 05-45-H-DWM-CSO |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| WILLIAM SLAUGHTER; MIKE MAHONEY; SERGEANT ERICKSON; OFFICER DIRKSEN; and OFFICER VALENTINE, | ) | |
| Defendants. | ) | |

Plaintiff Santiago has filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights stemming from an incident in which Defendant Erickson allegedly punched the Plaintiff in the face through a pane of glass while Plaintiff was in a cell at Montana State Prison.

United States Magistrate Judge Carolyn S. Ostby conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a

preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. On initial preliminary screening, Judge Ostby ordered Santiago to file an amended complaint alleging specific acts done by Defendants Slaughter, Mahoney, Dirksen and Valentine that violated Santiago's constitutional rights. See Doc. No. 3. Santiago filed an Amended Complaint, and Judge Ostby again conducted preliminary screening of the claims.

Judge Ostby issued Findings and Recommendations on November 1, 2006, in which she recommends dismissal of Defendants Slaughter, Mahoney, Dirksen and Valentine for failure to state a claim upon which relief can be granted. Plaintiff Santiago did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Ostby explained that each individual named in an action under 42 U.S.C. § 1983 must be alleged to have "caused or personally participated in causing" a deprivation of the plaintiff's constitutional rights. Plaintiff Sanitago was given two opportunities to allege the requisite acts with regard to

-2-

Defendants Slaughter, Mahoney, Dirksen and Valentine and did not do so. On that basis Judge Ostby recommended that the claims against these Defendants be dismissed. The dismissal is recommended without prejudice, in order to allow Santiago to re-file his claims should he discover new facts to support such claims.

I can find no clear error with Judge Ostby's Findings and Recommendations (Doc. No. 6) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Amended Complaint is DISMISSED WITHOUT PREJUDICE as to Defendants Slaughter, Mahoney, Dirksen and Valentine for failure to state a claim.

DATED this 12 day of December, 2006.

Donald W. Molloy, Chief Judge
United States District Court